Print Form

AO 106 (Rev. 01/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Kansas

FILED
U.S. District Court
District of Kansas

APR 25 2014

Clerk, U.S. District Court
By _____ Deputy Clerk

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) |
| Device #1 - Samsung flip phone, model SCH-U365, | ) |
| MEID HEX #A0000045D7001E, issued by | ) |
| Cellco Partnership dba Verzion Wireless. | ) |

Case No.  14-M-6118-01-KGG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of _____ Kansas _____ *(identify the person or describe property to be searched and give its location)*: Device #1 - Samsung flip phone, model SCH-U365, MEID HEX #A0000045D7001E, issued by Cellco Partnership dba Verzion Wireless.  Currently in DEA custody.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment A.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § ___841(a)(1)___ , and the application is based on these facts:

☑ Continued on the attached sheet.  (see attached affidavit of probable cause)

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Christopher M. Glass, Jr., FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___04/25/2014___

*Judge's signature*

City and state: Wichita, Kansas

Kenneth G. Gale, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF CHRISTOPHER M. GLASS JR. IN SUPPORT OF SEARCH

## WARRANT

Christopher M. Glass Jr., having been duly sworn, states the following:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since October 2010. Prior to my employment with the FBI, I was a deputy sheriff with the Spotsylvania County Sheriff's Office in Virginia for three years. Currently, I am assigned to the Drug Enforcement Administration (DEA) task force in Wichita, KS as a task force officer.

2. During my tenure in law enforcement, I have participated in numerous and varied types of investigations, including but not limited to: bank robberies, commercial robberies, weapons violations, kidnappings and other violent crimes, child sex crimes, property crimes, frauds, as well as crimes involving the transportation, possession, manufacture, and/or distribution of controlled substances. I have received training in complex conspiracy investigations, telecommunications exploitation, and asset forfeiture. I have been involved in debriefing confidential sources regarding drug activities and I have conducted physical, wire, and electronic surveillance of persons involved in drug trafficking. Through my training and experience I have become familiar with the manner in which illegal drugs are transported, stored, and distributed and the methods of payment for such drugs.

3. I also have training in the authorized interception and monitoring of wire and electronic communications related to drug trafficking. As such, I am familiar with the many methods and modes drug traffickers use to communicate about their illegal activities to

1

include the use of cellular telephones with voice and text capabilities. For instance, cellular telephones are frequently used by drug traffickers to verbally and textually communicate various types of information with organization members, such as: (a) telephone numbers of co-conspirators; (b) the identities of co-conspirators involved in the drug trafficking enterprise; (c) locations of meetings with co-conspirators; (d) prices and quantities of controlled substances; and (e) alerts or warnings of the presence of law enforcement.

4. I am an investigator or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

5. I am submitting this application for the purpose of obtaining a search warrant on the following device:

   a. **Device #1** – A Samsung flip phone, model SCH-U365, MEID HEX #A0000045D7001E, issued by Cellco Partnership dba Verzion Wireless. The phone was confiscated from Ernesto ROMO pursuant to his arrest.

6. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with agents of the DEA and other law enforcement officers, and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I, or others, have spoken, or

2

whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation.

## BACKGROUND OF INVESTIGATION

7. Pursuant to an ongoing drug trafficking investigation that is the basis of this case, Ernesto ROMO was arrested on April 17, 2014 by DEA Wichita based on probable cause. A criminal complaint was later filed against ROMO on April 18, 2014. The complaint charged ROMO with eight (8) counts of distribution of methamphetamine, in violation of Title 18, United States Code, Sections 841(a)(1) and 2.

8. Incident to his arrest on April 17, 2014, ROMO was searched and a cellular telephone was discovered on his person (**Device #1**). He also advised investigators that the phone was his. He consented to a search of his phone at that time and signed a consent form acknowledging this fact. In the phone were some phone numbers familiar to investigators, including the last known number for Christian LOPEZ, the highest ranking member of the drug trafficking organization identified to date.

9. After being read his Miranda rights and acknowledging that he understood them, ROMO agreed to speak with investigators. During the interview, ROMO advised that he would be willing to cooperate in the investigation. Since he agreed to cooperate, investigators had him released from jail on April 18, 2014 and instructed him to perform certain tasks to help further the investigation. However, ROMO did not do what he was tasked to do

and avoided contact with investigators, so he was arrested on April 21, 2014 pursuant to the criminal complaint.

10. Incident to his arrest on April 21, 2014, ROMO was searched and **Device #1** was found on his person. He was again asked if he would consent to a search of the phone, but he refused.

11. Your Affiant is aware through training and experience that drug traffickers change phones and phone numbers often to try to elude law enforcement and keep their illicit activities hidden. Your Affiant is also aware that ROMO has personally used at least four (4) different cellular devices to engage in drug trafficking activities and other numerous crimes. His current phone, **Device #1**, which has been found on him twice in the last four (4) days and which he acknowledged is his, is the fifth (5th) such device he has had in approximately the past three (3) months. Investigators know that ROMO used one or more of his previous cellular devices to distribute methamphetamine because he used them to contact an undercover law enforcement officer who made multiple purchases of methamphetamine from him. ROMO used these devices to negotiate the amount of methamphetamine to be sold and the locations where the transactions were to occur. Through wire intercepts agents learned that ROMO has also used previous cellular telephones to maintain contact with drug suppliers in Arizona and to arrange the transportation of methamphetamine loads which were transported from Arizona to Kansas and elsewhere.

12. Given that ROMO did not cooperate as he claimed he would, avoided contact with investigators after being released from custody, and refused to consent to a search of the phone he had previously consented to a search of four (4) days prior, your Affiant

4

believes that ROMO has been continuing to utilize his cellular device (currently **Device #1**) to engage in illegal activities, as demonstrated previously by him on numerous occasions known to investigators. A search of his phone would likely reveal evidence of this criminal activity to include the items listed on Attachment A, incorporated herein by this reference. Your Affiant is also aware through training and experience that, when a member of a criminal organization is arrested or has contact with law enforcement, they will often contact other members as soon as possible to warn them that the organization's activities are being investigated, which is detrimental to the investigation. Your Affiant is concerned that ROMO may have warned his co-conspirators; if he did, discovering this as soon as possible is the best way to mitigate any damage this may have caused the case. Based upon the investigation in this case your Affiant believes that additional violations of the Controlled Substance Act are occurring, including violations of Title 21, United States Code, Section 841(a)(1) – distribution of controlled substances; Section 846 – conspiracy or attempt to distribute controlled substances; Section 843(b) – use of communication facilities in drug trafficking; Section 952 – importation of controlled substances; Section 963 – attempt and conspiracy to import controlled substances; Title 18, United States Code, Section 1952 – interstate travel in aid of racketeering activity; Section 1956 – money laundering; Section 922(g) – possession of a firearm after being convicted of a felony; and/or Section 924(c) – carry or use of a firearm in furtherance of drug trafficking; in the District of Kansas and elsewhere in the United States, and that ROMO was continuing to use his cellular telephone (currently **Device #1**) to facilitate or conceal these criminal activities.

FURTHER AFFIANT SAITH NOT.

Christopher M. Glass Jr.
FBI Special Agent
DEA Task Force Officer

SUBSCRIBED TO AND SWORN before me this the 25th day of April, 2014.

Kenneth G. Gale
United States Magistrate Judge
District of Kansas

6

## ATTACHMENT A

The items to be seized from **Device #1**:

1.      All data and records contained in **Device #1** that relate to violations of, and/or which constitute the fruits, instrumentalities, and evidence of, possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); and/or conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846;

   a.   Data, including but not limited to, the telephone number of the device, telephone numbers of the accessed device, received incoming telephone numbers, dialed outgoing telephone numbers, numeric messages sent or received, verbal messages sent or received, address and telephone/pager number listings, electronically composed memorandum, any time and or data markings and or calendar format organization of all such data, or any other data related to drug trafficking or money laundering, including photographs, which may be stored, received, or sent, contained in the electronic memory of the previously described device,  lists of customers and related identifying information;

   b.   types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c.   any information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

   d.   all bank records, checks, credit card bills, account information, and other financial records

1

2.      Evidence of user attribution showing who used or owned **Device #1** at the time the things described in this affidavit were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.      Records and things evidencing the use of the Internet Protocol address utilized by to this device to communicate with criminal coconspirators, or unwitting individuals or institutions were used to facilitate drug trafficking or money laundering crimes, to include:

   a.  records of Internet Protocol addresses used;

   b.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4.      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2

AO 93  (Rev. 01/09) Search and Seizure Warrant



FILED
U.S. District Court
District of Kansas

APR 25 2014

Clerk, U.S. District Court
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT

## for the

### District of Kansas

In the Matter of the Search of                           )
*(Briefly describe the property to be searched*          )
*or identify the person by name and address)*            )          Case No. 14-M-6118-01-KGG
                                                         )
Device #1 - Samsung flip phone, model SCH-U365,          )
MEID HEX  #A0000045D7001E, issued by                     )
Cellco Partnership dba Verzion Wireless.                 )

## SEARCH AND SEIZURE WARRANT

To:       Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ District of _____ Kansas _____
*(identify the person or describe the property to be searched and give its location)*:
        Device #1 - Samsung flip phone, model SCH-U365, MEID HEX  #A0000045D7001E,
        issued by Cellco Partnership dba Verzion Wireless.  Currently in DEA custody.

        The person or property to be searched, described above, is believed to conceal *(identify the person or describe the*
*property to be seized)*:
        See Attachment A.

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or
property.

        **YOU ARE COMMANDED** to execute this warrant on or before _____ May 4, 2014 _____
                                                                            *(not to exceed 10 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.         ☐ at any time in the day or night as I find reasonable cause has been
                                                  established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property
taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the
place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an
inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_Kenneth G. Gale_____ .
                        *(name)*

        ☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay
of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be
searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    4/25/2014 9:30 am          _____
                                                              *Judge's signature*

City and state:    Wichita, Kansas                  _____
                                                    Kenneth G. Gale, U.S. Magistrate Judge
                                                         *Printed name and title*

AO 93  (Rev. 01/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name of any person(s) seized: |
|---|
| |

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____           .            _____
                                                                    *Executing officer's signature*

                                                                    _____
                                                                    *Printed name and title*

## ATTACHMENT A

The items to be seized from **Device #1:**

1.     All data and records contained in **Device #1** that relate to violations of, and/or which constitute the fruits, instrumentalities, and evidence of, possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); and/or conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846;

    a.  Data, including but not limited to, the telephone number of the device, telephone numbers of the accessed device, received incoming telephone numbers, dialed outgoing telephone numbers, numeric messages sent or received, verbal messages sent or received, address and telephone/pager number listings, electronically composed memorandum, any time and or data markings and or calendar format organization of all such data, or any other data related to drug trafficking or money laundering, including photographs, which may be stored, received, or sent, contained in the electronic memory of the previously described device,  lists of customers and related identifying information;

    b.  types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    c.  any information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

    d.  all bank records, checks, credit card bills, account information, and other financial records

2.      Evidence of user attribution showing who used or owned **Device #1** at the time the things described in this affidavit were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.      Records and things evidencing the use of the Internet Protocol address utilized by to this device to communicate with criminal coconspirators, or unwitting individuals or institutions were used to facilitate drug trafficking or money laundering crimes, to include:

   a.   records of Internet Protocol addresses used;

   b.   records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4.      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.